In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*

_____

**09-15-00516-CR**
**09-15-00517-CR**

_____

**CHASE A. BRANT**

**V.**

**THE STATE OF TEXAS**

_____

**On Appeal from the 221st District Court**
**Montgomery County, Texas**
**Trial Cause No. 15-03-03211-CR (Counts 1 and 2)**

_____

**ORDER**

The clerk's record in the above styled and numbered cause was filed March 17, 2016, and the reporter's record was filed February 2, 2016. On August 12, 2016, the Court granted an extension of time to file the brief, noting that the extension was a "FINAL EXTENSION." On September 19, 2016, the appellant's court-appointed attorney, Eric Berglund, was notified that neither the brief of the appellant nor a motion for extension of time to file the brief has been filed. Although the brief of the appellant was due to be filed Friday, September 09, 2016, the brief has not been filed.

1

We abate the appeal and remand the case to the trial court to conduct a hearing at which a representative of the State, counsel for the appellant, and the appellant shall be present in person. *See* Tex. R. App. P. 38.8(b)(3). If the appellant is not incarcerated, but fails to appear at the hearing after having been notified to do so, or after reasonable attempts to notify him have been made, then the trial court may enter a finding that appellant no longer desires to pursue the appeal and send said finding to this Court. *See* Tex. R. App. P. 38.8(b)(4). If the appellant is present for the hearing, we direct the trial court to determine whether or not appellant desires to pursue his appeal. If appellant desires to pursue his appeal, we direct the trial court to determine why the brief of the appellant has not been filed, why appellant's counsel has not responded to late notices from this Court, and whether good cause exists for appointed counsel, Eric Berglund, to be relieved of his duties as appellate counsel and replaced by substitute counsel. *See* Tex. Code Crim. Proc. Ann. art. 26.04(j)(2) (West Supp. 2016). If the trial court determines that good cause exists to relieve appointed counsel of his duties, we direct the trial court to appoint substitute counsel.

The record of the hearing, including any orders and findings of the trial court judge, shall be sent to the appellate court for filing. The court reporter's

record of the hearing and the clerk's record containing the recommendations of the trial court judge are to be filed on or before Thursday, November 10, 2016.

ORDER ENTERED October 10, 2016.

PER CURIAM

Before McKeithen, C.J., Kreger and Horton, JJ.

3